EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL M. MARÍN, acusado y apelante.

Núm. 7341.—*Sometido:* Enero 25, 1939. *Resuelto:* Abril 21, 1939.

*Antonio Lens Cuena* y *E. Pérez Casalduc,* abogados del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Las secciones 1 y 2 de la Ley núm. 63 de 1931 (Leyes de ese año, pág. 415), "Para prohibir la venta, almacenaje o transporte de alimentos y drogas o medicinas adulterados o falsamente rotulados o que sean venenosos o perjudiciales a la salud, y para otros fines," en la parte pertinente a este caso proveen:

"Sección 1.—La palabra 'alimento' aquí empleada incluirá todo artículo usado por el hombre como tal alimento, bebida, confitura o condimento, ya sean simples, compuestos o mezclados. La palabra 'droga' incluirá todas las medicinas y preparaciones medicinales reconocidas en la Farmacopea de los Estados Unidos y en el Formulario Nacional ya sean para uso interno o externo o cualquier substancia o mixtura de substancias que se intenten emplear para las enfermedades del hombre y de los animales domésticos.

"Sección 2.—Para los fines de esta Ley, todo artículo se considerará adulterado:

"(a) En las drogas:

"(1) Si se vende bajo un nombre reconocido por la Farmacopea de los Estados Unidos o el Formulario Nacional y difiere de la norma de fuerza, calidad o pureza expresada en los ensayos que constan en esos dos formularios oficiales, en la época de la investigación; *Disponiéndose,* que ninguna droga descrita en ambos formularios se considerará adulterada, si se expresa claramente otra norma en el rótulo, aunque ésta difiera de la oficial de aquellos dos formularios.

"(2) Si la fuerza o pureza es inferior o cae por debajo del *standard* o calidad provista para el artículo que se vende.

"(b) En las confituras:

"(1)        *        *        *        *        *        *        *"

La acusación objeto de este recurso de apelación lee así:

"El Fiscal formula acusación contra Angel M. Marín, por Infracción a la Ley Núm. 63 aprobada en 28 de abril de 1931 (*misdemeanor*), cometida de la manera siguiente:

"El referido acusado, Ángel M. Marín, con anterioridad a la fecha de la presentación de esta acusación, o sea, el día 6 de abril de 1937, y en Arecibo, P. R., que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria, maliciosa y criminalmente, tenía para la venta, con el fin de dedicarlo al consumo humano, aceite de almendras comercial adulterado con aceite de semillas de algodón y otros aceites extraños, entre ellos, el de semilla de melocotón y de albaricoque.

"Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico'."

El acusado presentó excepción perentoria a la acusación y la misma fué declarada sin lugar antes del juicio. Luego de celebrarse éste, el acusado fué declarado culpable y sentenciado a pagar una multa de $25 o en su defecto a sufrir un día de cárcel por cada dólar que dejare de satisfacer. Uno de los fundamentos de la excepción fué que al acusado se le procesaba por el delito de tener a la venta aceite de almendras cuando el estatuto habla de venderlo. La excepción parecería haber sido bien tomada, mas en los alegatos ninguna de las partes discute esta cuestión.

Varios son los fundamentos de la excepción, pero en el que más insiste el apelante es que la acusación no debe meramente seguir las palabras del estatuto, y cita *in extenso* la opinión de este tribunal en el caso de *El Pueblo* v. *Wys*, 25 D.P.R. 510. Sobre este punto específico el fiscal contesta que la acusación hace algo más que seguir las palabras del estatuto, toda vez que expone los hechos constitutivos del delito con mayores detalles. Si la idea del acusado es que la acusación es defectuosa simplemente porque sigue las palabras del estatuto, entonces la contención del fiscal tiene algún mérito.

Sin embargo, en su alegato el apelante dice, entre otras cosas, que la acusación hubiera sido suficiente si hubiera alegado:

"(1) Que el acusado vendía bajo el nombre de 'aceite de almendras comercial,' reconocido por la Farmacopea de los Estados Unidos o el Formulario Nacional, si es que el 'aceite de almendras comercial' está realmente reconocido por cualquiera de esas autoridades, un producto que difería de la norma de fuerza, calidad o pureza, según fuese el caso, expresada en los ensayos que constan en el formulario aplicable *en la fecha en que se alega se cometió el delito,* que es la época de la investigación a que se refiere la ley; o,

"(2) Que el acusado vendía aceite de almendras comercial de fuerza o pureza inferior o por debajo del *standard* o calidad, (especificándolo) provisto para dicho artículo."

Este argumento sugiere más bien que levanta claramente la insuficiencia de la acusación. Lo que sí hallamos al examinar la acusación es que deja de aducir los hechos constitutivos de la adulteración, y los asume. La acusación debió haber alegado, conforme sugiere el apelante, que el aceite de almendras comercial vendido por él era inferior a la norma oficial de pureza especificada en la ley, o que debió haber alegado que la adición de las sustancias mencionadas en la acusación hacía que el producto fuera inferior a la norma o calidad exigidas por la ley. La acusación es insuficiente.

Durante el juicio la prueba tendió a demostrar que al aceite de almendras comercial no debe habérsele agregado nada, mas esta manifestación de un perito no nos convence de que la adición de las drogas mencionadas en la acusación de hecho constituiría una adulteración bajo la ley. Nos referimos a estos hechos tan sólo porque no estamos convencidos por la prueba de que el acusado fuera culpable del delito imputádole. En otras palabras, no estamos persuadidos de que la adición de las sustancias mencionadas en la acusación haría que la mezcla resultara inferior a una norma reconocida. Además, no hallamos que El Pueblo probara

claramente cuál era la norma, a no ser diciendo que no debe agregarse nada al aceite de almendras comercial. Tampoco demostró que las adiciones hicieran que la droga cayera dentro de la prohibición del estatuto. Sin embargo, como resolvemos que la acusación es insuficiente, es innecesario que analicemos más extensamente los hechos aducidos durante el juicio, y la *sentencia debe ser revocada y absuelto el acusado.*

Los Jueces Sres. Presidente Del Toro y Asociado Hutchison disintieron.[*]