EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARTÍN RAMOS y RAMÓN QUIÑONES, acusados y apelantes.

Núm. 7999.—*Sometido:* Marzo 27, 1940. *Resuelto:* Abril 26, 1940.

586

*Rafael Arroyo Ríos* y *Luis Pereyó*, abogados de los apelantes; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En el presente caso se imputó a los acusados haber infringido las disposiciones de la sección 2, inciso (*a*), subinciso 1, en relación con la sección 4 de la Ley núm. 63 de 1931 (pág. 415), porque "en la ciudad de Naguabo, dentro del Distrito Judicial de Humacao, P. R., ilegal, voluntaria y maliciosamente tenían y ofrecían en venta una droga, a saber: aceite alcanforado, con tal nombre reconocida por la Farmacopea de los Estados Unidos, y dicha droga, así tenida y ofrecida en venta como pura por los acusados, difería de la norma de fuerza, calidad y pureza de tal droga (aceite alcanforado), tal y como fué definida y expresada por la Farmacopea de los Estados Unidos en los ensayos que constan en dicho formulario en la época de la investigación; por cuanto la droga (aceite alcanforado) tenida y ofrecida en venta como pura por los acusados, reveló en un análisis de la misma, que tal aceite alcanforado no contenía del 19 al 21 por ciento de alcanfor, según prescribe la Farmacopea de los Estados Unidos, siendo su fuerza sólo de 16.34 por ciento."

Desestimada una excepción perentoria basada en que en la acusación no se alegaba que la droga fuese falsamente rotulada, y desestimada una moción para que se ordenase al fiscal presentara un pliego de especificaciones, celebróse la vista del caso. Declarados culpables, la corte condenó a cada uno de los acusados a una multa de $25 o a sufrir la pena de prisión subsidiaria.

En el recurso interpuesto por los acusados se señalan como errores de la corte sentenciadora el haber declarado sin lugar la excepción perentoria y haber apreciado erróneamente la prueba.

La sección 4 de la Ley núm. 63 de 1931, define el delito así:

"Toda persona que fabricare, vendiere, ofreciere o tuviere en venta, o que transportare o almacenare alimentos o drogas adulterados o falsamente rotulados, dentro de los términos expresados en esta ley, será culpable de delito menos grave (*misdemeanor*) y será castigado con una multa no menor de veinticinco (25) dólares ni mayor de cien (100) dólares."

La sección 2 de la citada ley, dice:

"Para los fines de esta Ley, todo artículo se considerará adulterado:

"(*a*) En las drogas:

"Si se vende bajo un nombre reconocido por la Farmacopea de los Estados Unidos o el Formulario Nacional y difiere de la norma de fuerza, calidad o pureza expresada en los ensayos que constan en esos dos formularios oficiales, en la época de la investigación . . .

"*Disponiéndose,* que ninguna droga descrita en ambos formularios se considerará adulterada, si se expresa claramente otra norma en el rótulo, aunque ésta difiera de la oficial de aquellos dos formularios."

La acusación formulada contra los acusados apelantes es a nuestro juicio suficiente para informar a éstos de que el delito que se les imputa es el de tener y ofrecer en venta aceite alcanforado adulterado.

En el caso de *El Pueblo* v. *Marín,* 54 D.P.R. 651, la cuestión sobre la suficiencia de la acusación se presentó en forma inversa a la del presente caso. A Marín se le imputó que "tenía para la venta, con el fin de dedicarlo al consumo humano, aceite de almendras comercial adulterado con aceite de semillas de algodón y otros aceites extraños, entre ellos, el de semilla de melocotón y el de albaricoque." Se presentó

excepción perentoria basada en que la acusación no debe meramente seguir las palabras del estatuto, y se alegó que la acusación hubiera sido suficiente si se hubiese alegado que el acusado vendía bajo el nombre de "aceite de almendras comercial," reconocido por la Farmacopea o el Formulario Nacional, un producto que difería de la norma de fuerza, calidad o pureza expresada en los ensayos que constan en el formulario aplicable en la fecha en que se alega se cometió el delito, que es la época de la investigación a que se refiere la ley.

Al revocar la sentencia en el citado caso, esta corte, por voz del Juez Asociado Sr. Wolf, dijo:

"Este argumento sugiere más bien que levanta claramente la insuficiencia de la acusación. Lo que sí hallamos al examinar la acusación es que deja de aducir los hechos constitutivos de la adulteración, y los asume. La acusación debió haber alegado, conforme sugiere el apelante, que el aceite de almendras comercial vendido por él era inferior a la norma oficial de pureza especificada en la ley, o que debió haber alegado que la adición de las sustancias mencionadas en la acusación hacía que el producto fuera inferior a la norma o calidad exigidas por la ley. La acusación es insuficiente."

La acusación en el caso de autos se ajusta a la regla sentada en el caso de Marín, supra. En ella se alegan específicamente todos aquellos hechos que de acuerdo con la sección 2(a), supra, deben coexistir para que una droga pueda ser considerada como "adulterada." La acusación es suficiente y tan clara y específica en sus alegaciones que el acusado no tenía en realidad necesidad alguna del pliego de especificaciones que solicitara. En ella se imputa a los acusados la primera modalidad del delito que define la sección 4 de la ley, supra, o sea la de tener y ofrecer en venta una droga adulterada.

El fiscal no estaba obligado a alegar que en el rótulo con que se vendía el aceite alcanforado no se expresaba claramente otra norma, aún cuando fuera distinta a la norma

fijada por los dos formularios oficiales. Era a los acusados a quienes incumbía alegar y probar que el aceite alcanforado que ellos tenían y ofrecían en venta y que difería en cuanto a fuerza, calidad y pureza de la norma oficial, no podía ser considerado como "droga adulterada" porque en el rótulo con que ellos lo ofrecían al público se expresaba claramente su verdadera norma.

La acusación no tenía que alegar que el aceite alcan- forado estuviera "falsamente rotulado," porque no se trata de una violación de la segunda modalidad del delito penado por la sección 4, o sea tener u ofrecer en venta una droga falsamente rotulada.

Hemos hecho un estudio cuidadoso de la evidencia y encontramos que es ampliamente suficiente para sostener la acusación. Las muestras de aceite alcanforado tomadas por los inspectores del Departamento de Sanidad y exami- nadas en el laboratorio de dicho departamento diferían de la norma oficial, pues sólo contenían 16.34 por ciento de alcanfor en vez de 19 a 21 por ciento.

El hecho de que el aceite que fué ocupado a los acusados estuviese en el mismo estado en que lo compraron ellos a la Farmacia Blanco no constituye una defensa. La misma Ley núm. 63 de 1931 en su sección 7 provee el procedimiento que debe seguir el vendedor de una droga para protegerse contra una acusación si la droga resultase adulterada. Si los acu- sados hubiesen presentado una garantía escrita y firmada por la Farmacia Blanco, haciendo constar que el aceite adquirido por los acusados de dicha farmacia no está adul- terado ni falsamente rotulado, en ese caso la corte se hubiese visto obligada a absolverles. Del récord no aparece que tal garantía fuese presentada.

*Debe confirmarse la sentencia.*